**SO ORDERED.**

**SIGNED this 5th day of May, 2025.**



Dale L. Somers
United States Chief Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

In re:

Terrabella Studios, LLC,

Debtor.

Case No. 24-40268-11

**Order on 29th Street Partners' Motion to Declare Lease was Terminated Prepetition or Alternatively, to Grant Relief from Stay**

Before the Court is the *Motion for Order Declaring that the Lease Agreement was Terminated Prior to Filing the Petition for Bankruptcy so there is no Automatic Stay in Place, or Alternatively, 29th Street Partners, LLC's Motion for Relief from the Automatic Stay* ("Motion") filed by 29th Street Partners, LLC ("29th Street"). For the following reasons, the Motion is granted.

1

## I. Background

In June 2017, Terrabella Studios LLC ("Terrabella") entered into a lease agreement with Lindemuth Inc., which was assigned to 29th Street in 2018. That same day, the parties entered into a First Amendment to Lease ("Lease") under which Terrabella operates a Sola Salon in the leased premises at the Villa West Shopping Center in Topeka.

In November 2022, Terrabella filed a declaratory judgment action in the District Court of Shawnee County, Kansas ("State Court") as Case No. 2022-CV-000705 ("State Court Litigation") after 29th Street sent Terrabella a default notice and a termination notice. Terrabella asserted the latter was defective under the Lease and Kansas law, and 29th Street failed to comply with its obligations under the Lease. It sought an order determining the parties' respective rights and obligations and allowing Terrabella to pay any disputed rental amounts to the court pending resolution. 29th Street filed two counterclaims: 1) for breach of the lease, and 2) for eviction and possession of the premises. 29th Street subsequently filed a Motion for Partial Summary Judgment ("Summary Judgment Motion").

The State Court heard arguments on the Summary Judgment Motion in October 2023. On January 5, 2024, the State Court entered its Memorandum Decision and Order on the Summary Judgment Motion ("Summary Judgment Order"), finding Terrabella in breach of the Lease by

2

failing to pay the required rent and granting 29th Street's request to evict. Terrabella immediately filed a Notice of Appeal and Request to Stay Execution in the State Court Litigation.

After a hearing on January 29, 2024, the State Court stayed the eviction and required Terrabella to post an appeal bond pursuant to K.S.A. §§ 60-262 and 60-2103. In March 2024, the State Court heard evidence to determine the amount of the bond and subsequently ordered Terrabella to post a $352,272.75 appeal bond by April 29, 2024, to stay the eviction. Terrabella did not post the bond.[1]

On May 1, 2024, two days after the stay of eviction lapsed, Terrabella filed its bankruptcy petition. 29th Street filed a proof of claim in the amount of $351,945.93, the amount necessary to cure Terrabella's default on the Lease as of the petition date.[2] Terrabella objected, arguing certain amounts

---

[1] Under K.S.A. 2021 Supp. 61-3905(c), a court may allow a losing defendant in an eviction action to pay the periodic rent otherwise due from the defendant to the plaintiff under the rental agreement pertaining to the real property or to post a supersedeas bond. If the defendant posts a bond or complies with a pay-in order, the proceedings are stayed on appeal. Execution of the eviction order is then held in abeyance, so the defendant retains possession of the premises. *Wesley Props. Mgmt., Inc. v. Hill*, No. 124,428, 2022 WL 2761989, at *4 (Kan. Ct. App. July 15, 2022) (unpublished). Conversely, if the defendant fails to post a bond, as is the case here, the eviction order is not held in abeyance and the defendant cannot retain possession of the premises.

[2] The claim amount also includes the amounts owed for June and July post-petition rent.

3

claimed in the proof of claim were either overstated or not allowed under the Lease.

On July 30, 2024, Terrabella filed its Subchapter V Plan of Reorganization (the "Plan"). It included Terrabella's assumption of the Lease. This Motion followed.

## II. Parties' Contentions

The crux of 29th Street's argument is Terrabella's failure to post the appeal bond resulted in the lapse of the stay of the eviction. Thus, 29th Street was entitled to possession of the property under Kansas law prior to the bankruptcy filing because the lease was terminated; now there is no lease to be assumed and no automatic stay in place regarding possession of the premises. 29th Street also asserts Terrabella is becoming unjustly enriched because it is not paying any monthly rent while plan confirmation is pending.[3] Additionally, 29th Street contends Terrabella's objection to 29th Street's claim purports to relitigate determinations already made by the State Court in violation of the *Rooker-Feldman* doctrine. Alternatively, if the Court finds the Lease was not terminated and can be assumed, 29th Street contends it is entitled to relief from the stay for cause because the claim

---

[3] According to 29th Street, Debtor owes a total of $8,588.67 in rent each month, which is broken down as $5,193.75 in base rent, along with $610.52 in common area maintenance, $2,526.42 in monthly taxes and $257.98 in monthly insurance which 29th Street is being forced to cover because Debtor is not paying rent. Doc. 99.

should be adjudicated in the State Court – the *Curtis* factors weigh in favor of granting such relief since the State Court is the proper venue to determine the remaining issues and promptly liquidate 29th Street's proof of claim.[4]

Terrabella asserts the Lease was not terminated as a matter of law and the automatic stay exists. It relies on the Summary Judgment Order which Terrabella asserts did not adjudicate any monetary claim of 29th Street or any of Terrabella's affirmative defenses.[5] Terrabella also argues the Summary Judgment Order only determined the notice served by 29th Street on Terrabella complied with applicable law and the parties' agreement, a procedural ruling rather than a substantive decision evicting Terrabella. Thus, Terrabella contends, the Lease remains in effect and constitutes an asset of the bankruptcy estate. Regarding 29th Street's request for stay relief, Terrabella argues this Court is the appropriate forum to resolve the allowance of 29th Street's claim. Terrabella posits assumption of the Lease is an essential part of its Plan and plan confirmation lies within the exclusive domain of the Bankruptcy Court.[6] Lastly, Terrabella asserts any bifurcation

---

[4] *See In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984).

[5] In the State Court Litigation, Terrabella brought a breach of contract claim against 29th Street based on signage issues, and affirmative defenses of unclean hands and unjust enrichment.

[6] *See* Doc. 45, at 5.

5

Case 24-40268   Doc# 150   Filed 05/05/25   Page 5 of 15

of the claims between the State Court and this Court would be costly and delay the progress of the bankruptcy case.

## III. Jurisdiction

The Court has jurisdiction over this proceeding.[7] This is a core proceeding under 28 U.S.C. § 157(b)(2)(G) and (M).

## IV. Analysis

The analysis begins with Bankruptcy Code § 365(c)(3) which prohibits the trustee from assuming or assigning any executory contract or unexpired lease of nonresidential real property if that lease has been terminated under applicable nonbankruptcy law prior to the order of relief.[8] The issue here, then, boils down to this: Was the Lease terminated prior to the filing of Terrabella's Chapter 11 petition? If so, there is no lease to be assumed and no automatic stay with respect to that Lease.

### A. The Summary Judgment Order

A key component of the analysis is the substance and effect of the Summary Judgment Order. The undisputed salient facts on which the Summary Judgment Order is based include the following:[9]

---

[7] *See* 28 U.S.C. § 1334.

[8] 11 U.S.C. § 365(c)(3).

[9] The Court adopts by reference the facts stated in the Summary Judgment Order.

6

1. Pursuant to the Lease, 29th Street agreed to complete, at its own expense, certain tasks related to the façade of the shopping center, the roof and parking areas by a specified date.

2. The Lease required Terrabella to pay an increased base rent and additional rent beginning September 1, 2019, the date by which 29th Street was to complete the work (the "Completion Date").

3. Throughout much of 2020 and 2021, the parties exchanged correspondence regarding purported Lease defaults.

4. Because 29th Street did not complete the work by the Completion Date, Terrabella began paying one-half of the increased base rent amount starting in March 2021.

5. On October 19, 2021, 29th Street notified Terrabella the work was completed, and demanded Terrabella commence paying the increased rent. Terrabella failed to pay the full rent due, claiming 29th Street failed to complete its work.

6. Counsel for 29th Street sent a notice of default to Terrabella's counsel in September 2022. 29th Street posted a Notice to Leave Premises ("Termination Notice") on November 14, 2022. Litigation ensued.

7. In the State Court Litigation, Terrabella asserted the affirmative defenses of unjust enrichment, estoppel, waiver, and unclean hands.

Based on oral argument and the parties' briefing, the State Court granted the Summary Judgment Motion. On Count 1 for breach of contract, the State Court found "[Terrabella] is in breach of the parties' agreements by failing to pay the required Minimum Rent following [29th Street's] completion of the Landlord Work."[10] As to Terrabella's affirmative defenses,

---
[10] Summary Judgment Order at 14.

the State Court found waiver and estoppel failed as a matter of law and Terrabella's unclean hands and unjust enrichment claims failed as to rent. However, the State Court did not dispose of the latter defenses as to any other monetary claim.[11]

On Count 2 for eviction, the State Court noted "[t]he parties agree [29th Street] may seek eviction of [Terrabella] in this action."[12] The State Court found 29th Street's Notice to Leave Premises complied with Kansas law and the Lease. Thus, the Court granted 29th Street's motion on this claim.[13]

B. The *Rooker-Feldman* Doctrine

29th Street asserts, pursuant to the *Rooker-Feldman* doctrine, this Court is not permitted to review or otherwise revisit the Summary Judgment Order. The Court agrees. Under the *Rooker-Feldman* abstention doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's

---

[11] *Id.* at 15. The State Court is referring to Terrabella's assertions that 29th Street wrongly charged for costs not allowed under the Lease. *Id.*

[12] *Id.* at 16.

[13] *Id.* at 17.

federal rights."[14] *Rooker-Feldman* applies to claims actually decided by a state court and claims inextricably intertwined with a state court judgment.[15] Here, the State Court decided the issue of Terrabella's breach of the Lease and the resulting termination and eviction. Thus, this Court must adopt the State Court's findings and conclusions of law that the Lease was properly terminated under Kansas law and the terms of the Lease. At the same time, the *Rooker–Feldman* doctrine does not prevent the federal district courts from applying and interpreting a state court's decision in another case.[16] Because the Court must determine whether the Lease was terminated prepetition, the Court must necessarily review the State Court's Summary Judgment Order for that limited purpose.

C. *In re Wichita Hoops, LLC* and facts supporting termination

Both parties rely on a single case to support their respective positions on lease termination, *In re Wichita Hoops, LLC.*[17] Terrabella cites *Wichita Hoops* to support its argument the State Court's "ruling on the eviction claim

---

[14] *Waller v. Waller*, No. 223CV02080HLTTJJ, 2023 WL 3432979, at *2 (D. Kan. May 4, 2023), *aff'd,* No. 23-3077, 2023 WL 5273769 (10th Cir. Aug. 16, 2023) (citing *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011)).

[15] *Id.*

[16] *Valdez v. Metro. Prop. & Cas. Ins. Co.,* 867 F. Supp. 2d 1143, 1189 (D.N.M. 2012).

[17] No. 23-10255, 2023 WL 4753616 (Bankr. D. Kan. July 24, 2023).

was procedural (i.e. Landlord compliance with notice requirements) rather than any substantive decision actually evicting Debtor."[18] 29th Street cites the case to support its argument that since the Lease was properly terminated under K.S.A. § 58-2507 prior to the bankruptcy filing, it cannot be assumed under § 365(c)(3).

The *Wichita Hoops* case is readily distinguishable from this case. The landlord in *Wichita Hoops* moved for relief from the automatic stay to proceed with its prepetition state court forcible detainer lawsuit against the debtor or alternatively, for a determination the stay did not apply to the lease because either 1) the lease expired by its stated term prior to the bankruptcy filing, or 2) the landlord terminated the unexpired lease prepetition, thereby precluding the debtor from assuming it under § 365(c)(3). The debtor had defaulted on its rental and expense payments under the commercial lease.

First, the bankruptcy court ruled the lease had not expired by its stated term prior to the bankruptcy filing. Next, the court concluded the landlord did not terminate the lease prepetition based on the following facts:

1. the forcible detainer action was defective;
2. even if it had been proper, it did not operate to terminate the lease;
3. the default notice was deficient; and
4. the lease required written notice of intent to terminate the lease, and no such notice was given.

---

[18] Terrabella's Opposition to Motion at 4.

"In short, [the landlord] *could* have given proper written notice of intent to terminate and sued [the debtor] for termination of the Lease before the end of its stated term for [the debtor's] payment default and before the bankruptcy filing, but it took no action consistent with § 18.2(a) of the Lease to do so."[19]

In the instant case, 29th Street did not file a forcible detainer action. Rather, as the State Court stated in the Summary Judgment Order, it "instead raised it as a counterclaim once [Terrabella] initiated this cause of action."[20] The State Court also found the notices given by 29th Street "substantially complied with the law" and the Lease.[21] And while the Lease

---

[19] *Wichita Hoops*, 2023 WL 4753616, at *8.

[20] Summary Judgment Order at 16.

[21] *Id*. at 16-17. *See* K.S.A. 58-2507 and K.S.A. 61-3803 (addressing notice of termination of lease for failure to pay rent, and notice to leave premises, respectively). *See also* Article IX of the Lease which provides, in pertinent part:

> Failure on the part of Tenant to pay rent and other charges within ten (10) days after same shall become due, or failure of Tenant to promptly and faithfully keep and perform every covenant, condition, agreement and obligation of this Lease other than payment of rent on the part of Tenant to be kept and performed for more than twenty (20) days after written notice of such default shall have been given to Tenant, shall, at the option of Landlord, cause the forfeiture of this Lease, without, however, releasing Tenant from liability, as hereinafter provided, and if such default shall not be corrected within the applicable period aforesaid, possession of the demised premises and all Improvements thereon shall be delivered to Landlord, and thereupon Landlord shall be entitled to and may take Immediate possession of the premises, any other notice or demand being hereby waived.

Exh. 1 to Summary Judgment Motion.

did not require written notice of 29th Street's intent to terminate the Lease, as was the case in *Wichita Hoops*, the documentary evidence in the State Court Litigation on which the Summary Judgment Order is based clearly establishes 29th Street took affirmative actions to not only express its intent to terminate, but to actually terminate the Lease.[22]

Terrabella's contention the *Wichita Hoops* decision focused more on the procedural aspects than the substantive decision of eviction is correct—the State Court's discussion of Count 2 (Eviction) is likewise procedural in nature. However, the emphasis on procedure does not negate the substantive ruling. 29th Street specifically requested the State Court to enter summary judgment with respect to Terrabella's breach of contract (Count 1) and eviction (Count 2), and issue a Writ of Restitution to restore possession of the premises to 29th Street.[23] The State Court addressed Terrabella's arguments and based on the Lease, the evidence in the record, the applicable Kansas

---

[22] *See, e.g.*, Exh. 6 to Summary Judgment Motion, letter from 29th Street to Terrabella dated Aug. 12, 2020 ("Be advised if we don't receive the rent by the date set out below for all the arrears rent the Landlord will move to terminate the Lease."); Exh.13 to Summary Judgment Motion, Notice to Leave Premises ("If you do not pay this amount, your tenancy is terminated for nonpayment of rent.").

[23] Pursuant to K.S.A. § 61-3808 (a), "[I]f judgment is entered against the defendant for possession of the subject premises, the court shall issue, at the request of the plaintiff, a writ of restitution which shall direct anyone who is authorized to serve process and who is named in the writ to place the plaintiff in possession of the premises described in the writ."

statutes and the policy behind them, granted 29th Street's motion on both counts.

Moreover, in the Notice of Appeal and Request to Stay Execution, Terrabella requests the Court to "stay any eviction of the Plaintiff pending the determination of the affirmative defenses and unjust enrichment which are currently undecided."[24] Terrabella further implores the Court to "stay the eviction of the Plaintiff to prevent irreparable harm and damage to the Plaintiff" before an appeal of the Summary Judgment Order can be made.[25] Terrabella's argument the Summary Judgment Order did not order eviction simply has no merit.[26]

D. Terrabella's additional arguments

Terrabella contends assumption of the Lease is an essential component of its Plan. The Court does not dispute that. However, "[c]ourts will not[—and

---

[24] Notice of Appeal and Request to Stay Execution at 2.

[25] *Id.*

[26] Eviction is not the equivalent of removal from a rental property—it is a legal concept rather than a physical state. The term has been defined as the "[d[eprivation of lessee of possession of premises or disturbance of lessee in beneficial enjoyment so as to cause tenant to abandon the premises." Black's Law Dictionary 555 (6th ed.1990). 29th Street took the steps required to cause Terrabella to abandon the premises, and the State Court so ordered. The fact Terrabella is still in possession does not change the State Court's ruling of eviction; Terrabella forfeited its legal right to retain possession by failing to post the appeal bond.

13

indeed, cannot—]revive a terminated lease simply because of the lease's importance to the reorganization efforts."[27]

Additionally, Terrabella conflates eviction with termination, that is, since Terrabella was not evicted and remains in possession, no termination of the Lease occurred and the Lease remains in effect.[28] The issue before the Court is whether the Lease was terminated, not whether Terrabella was evicted.[29] The Lease was terminated by the Summary Judgment Order and Terrabella lost its opportunity to preserve its property rights under the Lease by failing to post the required bond. The general equitable powers of the bankruptcy court cannot create for debtors a right to property they have lost through an incurable default.[30]

Lastly, Terrabella suggests the fact the Summary Judgment Order is partial (i.e., does not adjudicate certain affirmative defenses and claims it

---

[27] *In re Caisson Lab'ys, Inc.*, No. 14-31344, 2015 WL 1239216, at *5 (Bankr. D. Utah Mar. 13, 2015) (citing *In re Mako, Inc.*, 102 B.R. 814, 818 (Bankr. E.D. Okla. 1988)) (concluding the lease had been irreversibly terminated before the petition date, and as such, there was nothing for the debtor to assume). As the *Caisson* court put it, "It is one thing to prevent expiration, and quite another to attempt to breathe life back into something which has already died." *Id.*

[28] *See* Terrabella's Opposition to Motion at 5.

[29] The Court acknowledges it addressed eviction earlier in this Order, but the discussion was necessary to refute Terrabella's assertion that the Summary Judgment Order had no substantive effect.

[30] *Caisson Lab'ys*, 2015 WL 1239216, at *3.

14

raised) is significant. It is not. The State Court adjudicated the issues of Terrabella's breach of the Lease due to nonpayment of rent and its eviction—those are the only rulings germane to the assumption of the Lease.[31]

## V. Conclusion

The determination of whether the Lease can be assumed turns on whether the Lease was terminated prepetition. Based on the Summary Judgment Order, the record on which it is based, and applicable law, the Court finds the Lease was terminated prior to the filing of Terrabella's bankruptcy petition. As a result, the Lease cannot be assumed and there is no automatic stay with respect to the Lease.

The Motion[32] is granted.

**It is so ordered.**

# # #

---

[31] Terrabella and 29th Street raise other arguments with respect 29th Street's alternative motion for relief from stay. Because the Court concludes the lease was terminated prepetition, the Court will not address these arguments.

[32] Doc. 80.